Rose A. Reynolds
vs.     No. 86097.
Julius M. Davis

July 11, 1933.

POULIOT, J. After a jury had returned a verdict for the plaintiff for $6,000, the defendant brings this case before the Court on motion for a new trial.

November 8, 1930, the plaintiff bought boric acid crystals at the defendant's drugstore to be used in making an eye-wash solution. By mistake she was given oxalic acid crystals. She claims serious and permanent injuries to her right eye when she applied to it the solution she made with the oxalic acid crystals.

The defense does not go to liability, which seems to be admitted, so that phase of the case need not be discussed.

The issue is as to how much, if any, damage the plaintiff may have sustained. Her claim is that, prior to November 1930, she had perfect vision; that since that date, she has lost the practical use of her right eye, suffers headaches, and that there has been a change in the functions of the female organs.

When she applied the solution to her eye, she suffered very severe pain. She went to Dr. Hacking for treatment and remained under his care until November 22, 1930, when he discharged her as cured. He testified she was in pain and that her eye watered profusely. He found two vertical scars on the cornea which, in his opinion, were old scars. Her astigmatism had lasted for a long time prior to November 1930, he stated, and the divergence about which she complains is one of the symptoms. In his opinion the vision of the eye claimed to be injured was the same, about 4/200, both before and after she applied the solution.

The other physician testifying for the plaintiff, Dr. McLaughlin, began his treatment on December 5, 1930. He found a healing ulceration on the right cornea, and a vision which he described as "looking through frosted glass". He testified that the solution used would cause that condition.

For the defense, Drs. Leach and Riemer stated that her astigmatism and divergence were conditions that develop over a long period of time; that the scarred tissue on the cornea was not recent. Dr. Riemer made experiments with oxalic acid on the eyes of guinea pigs and of cats, which he said are similar to human eyes in texture, and on eyes of rabbits, which he stated are more sensitive than human eyes, and, basing his opinion on his general knowledge and on his experiments, testified the plaintiff could not have received the injuries she claimed from having used the oxalic acid solution.

As a young girl, she had been obliged to wear glasses fitted to her eyes in order that she might continue her school work, but had discontinued wearing them for about twenty years prior to the time of the trial. There is some medical evidence that there is a connection between her wearing glasses in childhood and the scars on her cornea and her astigmatism. As to her claim of perfect vision during the intervening years, defendant's physicians claim she was not using her

right eye as much as she thought she did but was putting a greater strain on her left eye.

There is no question in the Court's mind but that she suffered very much pain for a period of time and that probably an existing condition was aggravated by the occurrence of November 8th, but she has failed to prove by the burden imposed upon her that she is entitled to the award made to her. It was the type of case that would appeal to a jury's sympathy and the Court cannot help feeling that that element entered into the verdict.

The case ought to be passed on by another jury. Therefore, defendant's motion for a new trial is granted, but only on the issue of damages.

For plaintiff: Comstock & Canning.

For defendant: Hinckley, Allen, Tillinghast, Phillips & Wheeler.